UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jefferey W. MILINICH,<br><br>    Petitioner,<br><br>    v.<br><br>Pam AHLIN,<br>Executive Director of Coalinga State Hospital,<br><br>    Respondent. | Case Number 3-9-cv-2612-CRB-PR<br><br>ORDER STAYING PETITION AND ADMINISTRATIVELY CLOSING ACTION |

    Petitioner is civilly detained by the California Department of Mental Health for an indeterminate term as a sexually violent predator (SVP). In his Petition for a Writ of Habeas Corpus, he claims, inter alia, that the law in California governing civil commitments of SVPs, Cal. Welf. & Inst. Code § 6600 et seq. (West 2010), violates the Equal Protection Clause of the Constitution of the United States, U.S. Const. amend. XIV, § 1. He contends that SVPs are similarly situated to, yet treated more harshly than, civil detainees who are categorized as mentally disordered offenders (MDOs) and as not guilty by reason of insanity (NGIs).

    The Court of Appeal of California rejected this claim. *People v. Milinich*, No. H030823, 2009 WL 106557, at *16–17 (Cal. Ct. App. Jan. 16, 2009). In fairly conclusory fashion, the court held that SVPs and MDOs are not similarly situated and that the disparate treatment of SVPs and MDOs "with respect to the length of their commitments and procedures for judicial

review is necessary to further a compelling state interest." *Id.* at *16. The court justified the disparate treatment by the "extreme[] dangerous[ness]," *id.* (internal quotation marks and citation omitted), of SVPs and their "very high recidivism rates [a]ccording to a 1998 report by the U.S. Department of Justice," *id.* at *17 (internal quotation marks and citation omitted).

The Supreme Court of California subsequently considered a materially identical claim in *People v. McKee*, 223 P.3d 566, 578–89 (Cal. 2010). Following a detailed analysis of the similarities and differences of SVPs and MDOs, *id.* at 581–83, the court concluded that SVPs and MDOs "are similarly situated for our present purposes," *id.* at 583, as are NGIs, *id.* at 586. The court also determined that SVPs are not necessarily more dangerous than MDOs, *id.* at 585, 587, 588, and that SVPs do not necessarily have higher recidivism rates than MDOs, *id.* at 585. The state supreme court chastised lower courts for improperly relying on "an uncited United States Department of Justice study," *id.*, from 1998 that either did not even exist or did not necessarily "support[] the factual assertions about recidivism," *id.* at 585 n.9, which were merely assumed to be true by lower courts in cases such as Petitioner's.

The state supreme court remanded *McKee* to give the State the opportunity to show that, "notwithstanding the similarities between SVPs[, NGIs,] and MDOs, the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society." *Id.* at 587 (apostrophes omitted). On remand, it will be determined whether the disparate treatment of SVPs is "based on a reasonable perception of the unique burdens that SVPs pose" or on "a special stigma that SVPs may bear in the eyes of California's electorate." *Id.* at 588 (apostrophes omitted). Since *McKee* was remanded, state courts have suspended proceedings regarding equal-protection challenges such as Petitioner's pending the conclusion of the proceedings in that matter. *See, e.g., People v. Martinez*, No. D055274, 2010 WL 5125340, at *9 (Cal. Ct. App. Dec. 16, 2010).

In *McKee*, the Supreme Court of California effectively overruled the court of appeal's decision to reject Petitioner's equal-protection claim, and Petitioner well may be newly entitled to habeas relief in the state courts pursuant to *McKee*. *McKee* therefore appears to be "an intervening change" in the law that "cast[s] the legal issue in a fundamentally different light."

2

*Picard v. Connor*, 404 U.S. 270, 276 (1971). However, "the federal habeas court must not hear" claims in which there has been such an intervening change. *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982). Rather, the state courts must be given an opportunity to reconsider Petitioner's equal-protection claim in light of *McKee*, particularly given the present procedural posture of this action: this is in the interests of comity, but it is also a matter of judicial economy, as this Court will not need to address the merits of the present Petition if the state courts grant Petitioner relief pursuant to *McKee*. *Cf. Coleman v. Brown*, No. 3-90-cv-1588-VRW (N.D. Cal. Feb. 22, 2005) (Order Regarding Petitioner's *Atkins* Claim). Thus, this Court should suspend the instant proceedings just as the state courts have suspended proceedings in cases such as *Martinez*.

    Accordingly, and good cause therefor appearing, Petitioner shall file a habeas petition containing a *McKee* claim in state court within ninety days after he receives this order. This Federal Court will hold the present action in abeyance pending the completion of state-court consideration of Petitioner's *McKee* claim. The Clerk shall administratively close this action. The parties shall return to this Court to reöpen this action within ninety days after state-court consideration of Petitioner's *McKee* claim is concluded. Nothing further will take place in this matter until then.

*It is so ordered.*

DATED: 12/29/2010

CHARLES R. BREYER
United States District Judge