IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY W. MILINICH,
    Petitioner,
vs.
CLIFF ALLENBY, Acting Director,
    Respondent.

No. C 09-2612 CRB (PR)

ORDER GRANTING MOTION TO RE-OPEN AND RE-INSTATING ORDER TO SHOW CAUSE

(Docket #17)

Petitioner is civilly detained by the California Department of Hospitals (CDH) as a sexually violent predator (SVP). He claims that the state law governing civil commitments of SVPs violates various provisions of the federal constitution. Per order filed on January 13, 2010, the court found that, liberally construed, petitioner's claims appear cognizable in federal habeas under 28 U.S.C. § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer and petitioner filed a traverse.

Per order filed on December 29, 2010, the court recognized that, in <u>People v. McKee</u>, 223 P.3d 566, 578-89 (Cal. 2010), the Supreme Court of California effectively overruled the California Court of Appeal's denial of petitioner's equal protection claim, and concluded that "the state courts must be given an opportunity to reconsider petitioner's equal protection claim in light of <u>McKee</u>." Docket #12 at 3. The court accordingly ordered as follows:

> Petitioner shall file a habeas petitioner containing a <u>McKee</u> claim in state court within ninety days after he receives this order. This court will hold the present petition in abeyance pending the

completion of state-court consideration of petitioner's McKee claim. The clerk shall administratively close this action. The parties shall return to this court to reopen this action within ninety days after state court consideration of petitioner's McKee claim is concluded. Nothing further will take placed in this matter until then.

Id.

Petitioner moves to reopen this action on the ground that he has exhausted state court remedies in connection with his McKee equal protection claim, i.e., that SVPs are similarly situated to, yet impermissibly treated more harshly than, civil detainees who are categorized as mentally disordered offenders (MDOs) and as not guilty by reason of insanity (NGIs). Petitioner shows that, on March 27, 2013, the Santa Clara County Superior Court denied his McKee equal protection claim and that, on July 10, 2013, the Supreme Court of California also rejected the claim. Good cause shown, petitioner's motion to reopen (docket #17) is GRANTED and the stay in this matter is lifted.

In order to expedite this matter, respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an amended answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. Petitioner may respond to the amended answer by filing an amended traverse with the court and serving it on respondent within 30 days of his receipt of the amended answer.

SO ORDERED.

DATED: March 17, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.09\Milinich, J1.09-2612.osc2.wpd

2