IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY W. MILINICH, | No. C 09-2612 CRB (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |
| v. | |
| PAM AHLIN, Executive Director, | |
| Respondent. | |

On March 17, 2004, a Santa Clara County Superior Court jury found Jeffery W. Milinich (Petitioner) to be a sexually violent predator under the Sexually Violent Predators Act, Cal. Welf. & Inst. Code § 6600 et seq. (SVPA), and the court civilly committed him to the Department of Mental Health (DMH) for a period of two years. On January 11, 2006, the District Attorney of Santa Clara County filed a petition pursuant to the SVPA to recommit Petitioner for another two years. On September 20, 2006, the SVPA was amended and, on October 5, 2006, the District Attorney filed an amended petition to recommit Petitioner for an indeterminate term under the amended SVPA. On October 25, 2006, a jury found Petitioner to be a sexually violent predator (SVP) under the amended SVPA and the court recommitted him to the DMH for an indeterminate term.

Petitioner appealed the decision of the superior court, arguing that his indeterminate commitment violates various provisions of the federal constitution. On January 16, 2009, the California Court of Appeal affirmed the superior court's order recommitting Petitioner to the DMH for an indeterminate term and, on April 1, 2009, the Supreme Court of California denied review.

Petitioner then filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on January 13, 2010, the Court found that the petition appeared to contain colorable claims for relief under § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer and Petitioner filed a traverse.

On December 29, 2010, the Court stayed the instant federal habeas proceedings in light of People v. McKee, 47 Cal. 4th 1172 (2010), which issued after Petitioner's state court proceedings were complete and potentially entitled him to habeas relief in state court on his equal protection claim. The Court ordered Petitioner to file a habeas petition containing a McKee equal protection claim in state court and return to this Court to reopen this action after state-court consideration of his McKee equal protection claim is concluded. Petitioner returned to this Court after the Supreme Court of California denied his McKee equal protection claim on July 10, 2013. Per order filed on March 17, 2014, the Court reopened this action and ordered Respondent to file an amended answer. Respondent has filed an amended answer and Petitioner has filed an amended traverse.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

2

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B. Claims

Petitioner claims that the amended SVPA violates constitutional protections against double jeopardy, ex post facto laws and cruel and unusual punishment, and constitutional guarantees to due process, First Amendment right to petition courts for redress and equal protection.

    1. Double Jeopardy, Ex Post Facto and Cruel and Unusual Punishment

Petitioner claims that "retroactively" applying the amended SVPA's indeterminate commitment provision to his case violates the constitutional protections against double jeopardy and ex post facto laws and constitutes cruel and unusual punishment.[1]

---

[1] The first and fourth claims in the petition allege violations of ex post facto laws, the fifth claim alleges violation of double jeopardy, and the seventh claim alleges cruel and unusual punishment. Pet. at 6A-C.

3

A threshold issue for Petitioner's claims is whether the amended SVPA is civil or criminal in nature. The civil nature of a statute forecloses double jeopardy, ex post facto and cruel and unusual punishment claims, even if the individual argues that the statute is punitive as applied to him or her, because it does not establish criminal proceedings or constitute a punishment. See Seling v. Young, 531 U.S. 250, 260-65 (2001); Kansas v. Hendricks, 521 U.S. 346, 359-69 (1997). Categorization of a statute as civil or criminal is "first of all a question of statutory construction." Id. at 361 (citation and internal quotation marks omitted). The civil label is not always dispositive, but the party challenging the statute must provide the clearest proof that the statutory scheme is so punitive either in purpose or effect as to negate the state's intention to deem it civil. Id.

The California Court of Appeal rejected Petitioner's claims on the ground that the constitutional protections against double jeopardy, ex post facto laws and cruel and unusual punishment were not implicated by the amended SVPA because the amended SVPA is civil, rather than criminal, in nature under Kansas v. Hendricks, 521 U.S. 346 (1997), and Hubbart v. Superior Court, 19 Cal. 4th 1138 (1999). People v. Milinich, No. H030823, 2009 WL 106557, at \*\*15-16 (Cal. Ct. App. Jan. 16, 2009). The court explained that the Supreme Court of California had held in Hubbart that a commitment under the SVPA is civil in nature and does not amount to punishment, and that nothing in the amended SVPA compelled a different conclusion. Id. at \*15. The court noted that the indeterminate term introduced by the amended SVPA is "'linked to the stated purpose of the commitment, namely, to hold the person until his mental abnormality no longer causes him to be a threat to others'" – "'a legitimate nonpunitive governmental objective [that] has been historically so regarded.'" Id. (quoting Hendricks, 521 U.S. at 363). The "amended SVPA is not punitive in purpose or effect" and instead "is a civil commitment for treatment and the protection of society." Id. at \*\*15-16 (citations omitted).

In Hubbart, the Supreme Court of California held that the SVPA, like the Kansas statute in Hendricks, does not establish criminal proceedings and is not punitive. 19 Cal. 4th at 1179. The state high court found it significant that, in enacting the SVPA, the California legislature expressly disavowed any punitive purposes; described the law as establishing "civil commitment" proceedings; stated that qualifying defendants are not to be viewed "as criminals, but as sick

4

persons;" and placed the SVPA in the state's Welfare and Institutions Code in the section dealing generally with the care and treatment of the mentally ill. These factors, the court concluded, display intent to create "a civil commitment scheme designed to protect the public from harm." Id. at 1171 (quoting Hendricks, 521 U.S. at 361).

The Supreme Court of California's decision in Hubbart did not involve an objectively unreasonable application of Supreme Court precedent. See 28 U.S.C. § 2254(d). California's SVPA is strikingly similar to Kansas's statutory scheme upheld by the Supreme Court in Hendricks. And, for essentially the same reasons, the California Court of Appeal's decision in the instant case – rejecting Petitioner's claim that the punitive nature of the amended SVPA violates double jeopardy and ex post facto principles and constitutes cruel and unusual punishment – does not involve an objectively unreasonable application of clearly established Supreme Court precedent either. See id. The California Court of Appeal reasonably determined that the indeterminate commitment term introduced by the amended SVPA does not render the statute punitive because the indeterminate term serves a legitimate nonpunitive governmental objective and "was intended to do [nothing] other than make the SVPA a more effective civil scheme to protect the public from a small group of exceedingly dangerous individuals." Milinich, 2009 WL 106557, at *15. Petitioner sets forth no "clear proof" whatsoever that the amended SVPA is so punitive in either purpose or effect as to negate California's intention to deem it civil. See Hendricks, 521 U.S. at 361.

Petitioner is not entitled to federal habeas relief on his claim that the punitive nature of the amended SVPA violates double jeopardy and ex post fact principles and constitutes cruel and unusual punishment because it cannot be said that the state courts' rejection of the claims was contrary to, or involved an objectively unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d); Williams, 529 U.S. at 409.

2. Due Process and First Amendment

Petitioner claims that the amended SVPA violates due process because it "improperly places the burden of proof on the petitioner to prove he should be released" and because it "fails to provide for mandatory periodic hearings on the issue of whether continued commitment is warranted." Pet. at 6B. Petitioner also claims that the amended SVPA places unlawful limitations

5

on his right to petition the courts for release.[2]

### a. Overview of the SVPA

The SVPA provides for the civil commitment of a person found to be "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). Persons who are in custody under the jurisdiction of the California Department of Corrections and Rehabilitation (CDCR) are screened prior to their scheduled release from prison and, for those who screen positive, full evaluations are performed by the DMH. Id. § 6601. If formal commitment proceedings are initiated, the person is entitled to a trial by jury, id. § 6603(a), at which the verdict must be unanimous, id. § 6600(f), and the burden of proof is beyond a reasonable doubt, id. § 6604.

The SVPA originally provided for a two-year term of commitment and two procedures by which an SVP could obtain release. First, Section 6605 required the DMH to submit an annual report with the committing court, following an examination, considering whether the committed person currently met the definition of an SVP and whether unconditional release was appropriate. Second, the DMH was required to notify the SVP of his or her right to petition the committing court for conditional release under section 6608, and to forward the notification and a waiver of the SVP's right to petition, as part of the annual report. If the SVP did not waive his or her right to petition, the committing court was required to set a show cause hearing to determine whether the person still met the definition of an SVP.

The SVPA as amended now provides for an indeterminate term of commitment. The amended SVPA no longer requires the DMH to submit notification and waiver of the SVP's right to petition the committing court under section 6608 as part of their annual report, but the amended SVPA continues to provide two procedures by which an SVP can obtain release. Section 6605 requires the DMH to submit an annual report with the committing court, following an examination,

---

[2] The second and third claims in the petition allege violations of due process, and the eighth and ninth claims allege violations of the First Amendment right to petition courts for redress. Pet. at 6B-C.

considering "whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community." Id. §§ 6604.9(a), 6605. The DMH is required to authorize the person to file a petition for conditional release or unconditional discharge where the person's condition has so changed that he no longer meets the definition of an SVP or conditional release is appropriate. Id. §§ 6604.9(b), 6605. But under section 6608 a person under commitment as an SVP may unilaterally petition for release, conditional or unconditional, without DMH concurrence. The committed person has the burden of proof by a preponderance of the evidence. Id. § 6608(i).

        b.       Due Process

The California Court of Appeal rejected Petitioner's due process claims. The court first rejected Petitioner's claim that the amended SVPA violates due process "by placing the burden of proof on the SVP to prove by a preponderance of the evidence that he or she is no longer mentally disordered or dangerous." Milinich, 2009 WL 106557, at *13. The court reached its determination after it carefully considered the Supreme Court opinions addressing civil commitments in Addington v. Texas, 441 U.S. 418 (1979), Jones v. United States, 463 U.S. 354 (1983), Foucha v. Louisiana, 504 U.S. 71 (1992), and Kansas v. Hendricks, 521 U.S. 346 (1997). The court explained:

> Addington held only that at the initial civil commitment proceeding, the state must bear the burden of proof of mental illness and dangerousness by clear and convincing evidence. In defendant's case, of course, the state has borne that burden twice. Under the current statute, a court or jury must still make the initial determination, beyond a reasonable doubt, that the person to be committed as an SVP is both mentally ill and dangerous (§§ 6604, 6608.) Thus, Addington's test is more than satisfied.
>
> * * * *
>
> The amended SVPA also satisfies Jones. A finding that a person qualifies as an SVP under the amended SVPA establishes that the defendant has been convicted of committing an act that constitutes a criminal offense, that he or she has a diagnosed mental disorder, and that as a result of that mental disorder he or she is a danger to the health and safety of others because it is likely that he or she will engage in sexually violent predatory criminal behavior. In both the insanity acquittal verdict and SVP verdict contexts, the finding beyond a reasonable doubt that the defendant has committed a criminal act indicates dangerousness, and eliminates the risk that the defendant is being civilly committed because his or her behavior is merely idiosyncratic. Additionally, in the SVP context, the verdict represents a finding by the

7

>trier of fact that the person is dangerous.
>
>* * * *
>
>The amended SVPA satisfies Foucha as well, because the amended Act does not permit the continued civil commitment of an SVP on a finding of dangerousness alone. In short, we find nothing in Addington, Jones or Foucha that forbids placing on the SVP the burden of showing changed circumstances warranting release by a preponderance of the evidence.
>
>Finally, we see nothing in Hendricks that compels a different conclusion. The Kansas statutory scheme at issue in Hendricks placed the burden on the People to prove mental disorder and dangerousness beyond a reasonable doubt at the initial commitment trial. However, under the Kansas scheme, commitment was indefinite, "until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large." (Hendricks, supra, 521 U.S. at p. 353.) Under Kansas law, the person committed as a sexually violent predator had three avenues of release: (1) upon the court's annual review; (2) at any time, if the institution decided the committee's condition was so changed that release was appropriate; and (3) at any time, upon the committee's petition, "[i]f the court found that the State could no longer satisfy its burden under the initial commitment standard." (Ibid.) However, the Hendricks court did not pass on the adequacy or necessity of the procedural provisions of the Kansas law. At issue was whether the law's definition of 'mental abnormality' satisfied 'substantive' due process requirements, and whether the law violated the federal Constitution's Double Jeopardy bar or ex post facto ban. (Id. at pp. 356, 360.) In our view, Hendricks provides no support for [Petitioner's] due process claim regarding the placement of the burden of proof at subsequent hearings. We therefore conclude that the SVPA, as amended, does not violate defendant's federal constitutional right to due process by placing the burden of proof on the SVP to prove by a preponderance of the evidence that he or she is no longer mentally disordered or dangerous.

Milinich, 2009 WL 106557, at \*\*10, 12, 13.

The California Court of Appeal also rejected Petitioner's claim that the amended SVPA violates due process because it fails to provide for mandatory periodic hearings on the issue of whether continued commitment is warranted. The court noted that, even if some kind of review is necessary as a matter of due process, the review provisions of the amended SVPA "adequately minimize the risk of an erroneous deprivation of liberty and comport with due process." Id. at \*14. The court explained:

>As we have indicated above, by requiring a finding beyond a reasonable doubt that the SVP has been convicted of sexually violent offense as defined in section 6600, and is both mentally disordered and dangerous, the inial commitment hearing itself provides a significant level of due process protection, greater than is required by Addington. Moreover, the amended SVPA is not devoid of review mechanisms. An SVP's condition must be reviewed at least annually by the court. (§ 6605.) In connection with that annual review, an SVP may request an evaluation by an independent expert. (Ibid.) Additionally, an SVP may petition the court for conditional release or unconditional discharge on a yearly basis (§ 6608) and, if he or she has requested and received an independent evaluation in connection with the

8

> annual court review, nothing bars him or her from relying on that evaluation to show a change in circumstances. Finally, the hospital administration must authorize the defendant to petition the court for his or her conditional release or unconditional discharge, if it believes the defendant is no longer mentally disordered or dangerous. The frequency and number of review opportunities, as well as "the layers of professional review and observation of the patient's condition," (Addington, supra, 441 U.S. at pp. 428-429) persuade us that the required periodic review provisions of the amended SVPA adequately minimize the risk of an erroneous deprivation of liberty and comport with due process. In our view, due process does not require judicial review hearings at mandated intervals even though no change in mental status or dangerousness has occurred.

Id. at *14.

The California Court of Appeal's rejection of Petitioner's due process claims was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d). The Supreme Court has never held that the prosecution must bear the burden of proof at a release hearing initiated by a person who was civilly committed under state law upon a finding beyond a reasonable doubt that the person met the criteria for commitment. Nor is there any Supreme Court authority that requires mandatory periodic judicial hearings with regard to continued civil commitment. Because there is no Supreme Court precedent that controls on the due process claims raised by Petitioner in state court, the California Court of Appeal's decision cannot be contrary to, or an unreasonable application of, clearly established Supreme Court precedent. See Carey v. Musladin, 549 U.S. 70, 77 (2006). See, e.g., Varghese v. Uribe, 736 F.3d 817, 821 (9th Cir. 2013) (because there is no Supreme Court authority that squarely addresses petitioner's claim – that a criminal defendant's rights to counsel and due process are violated when the state court conditions his access to, and testing of, the prosecution's limited evidence on the disclosure of the test results to the prosecution – state appellate court had no specific rule to apply and its decision therefore was not an unreasonable application of clearly established Supreme Court precedent); Styre v. Adams, 645 F.3d 1106, 1109 (9th Cir. 2011) (concluding that because no Supreme Court precedent requires the governor to hold a second parole hearing before reversing a parole board's decision, prisoner's state habeas claim cannot succeed under § 2254(d)(1)). Petitioner is not entitled to federal habeas relief on his due process claims.

   c.  First Amendment

     The California Court of Appeal rejected Petitioner's claim that the limitations

placed on his right to petition the court for release under the amended SVPA violate his First Amendment right to petition the courts for redress of grievances. The court explained:

> Defendant acknowledges that section 6608, subdivision (a) gives the SVP detainee the right to counsel when petitioning the court for release, but he argues that the amended SVPA nevertheless violates the First Amendment because it fails to expressly include a provision for the appointment of a medical expert and thereby denies the detainee "the tools he needs to make the access meaningful." We disagree. Although section 6608 does not expressly provide for the appointment of an expert, section 6605 does. Section 6605 provides that, in connection with the court's annual review, the SVP "may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person." (§ 6605, subd. (a).) Thus, when the DMH concludes in its annual report that the committed person remains an SVP, that person can request the appointment of his or her own expert to review that determination. If the SVP's independent expert concludes otherwise, that expert's testimony may be used to support a petition for release under section 6608.
>
> Defendant further argues that the SVPA, as amended, denies the SVP "meaningful access to the courts" because "the State can perpetually incarcerate him without ever being required to prove during a hearing on the merits in court the necessity for the continued incarceration." The burden placed on SVPs to prove the allegations of their petition for release by a preponderance of the evidence does not limit access to the courts in any way; this is the standard imposed in the majority of civil actions. Furthermore, a committed person always has the right to seek release by way of a petition for writ of habeas corpus. (People v. Talhem (2000) 85 Cal.App.4th 400, 404-405; see also In re Smith, supra, 42 Cal.4th 1251.) We therefore reject defendant's First Amendment challenge to the SVPA.

Milinich, 2009 WL 106557, at *17-18.

The California Court of Appeal's rejection of Petitioner's First Amendment claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d). It is well established that the First Amendment right to petition the government for redress of grievances includes the right of access to the courts and that this right is retained by persons in custody. See Bounds v. Smith, 430 U.S. 817, 821-25 (1977). The Supreme Court specifically has stated that persons in custody have a right to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825 (emphasis added). Petitioner and other SVPs retain their right of access to the courts under the amended SVPA because they may petition the trial court for release under section 6608, even if the DMH has recommended against such release, and may file a petition for a writ of habeas corpus in state court under section 7250. The Supreme Court has never held that the right of access to the courts encompasses anything more. Cf. Lewis v. Casey, 518 U.S. 343, 354 (1996) (right of access

10

limited to right to present claim; state is not required to enable prisoner to discover grievances or to litigate effectively once in court). Petitioner is not entitled to federal habeas relief on his First Amendment claim.

### 3. Equal Protection

Petitioner claims that the "indeterminate commitment" of SVPs under the amended SVPA violates the Equal Protection Clause because SVPs are similarly situated to, yet treated more harshly than, civil detainees who are categorized as mentally disordered offenders (MDOs). Pet. 6C.[3]

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). The Supreme Court has articulated three distinct standards applicable to equal protection analysis: strict scrutiny, heightened scrutiny and rational basis review. Id. at 440-41. The standard to be invoked depends on the nature of the class involved or the interest affected.

The California Court of Appeal rejected Petitioner's equal protection claim on direct appeal on the ground that, even if we assume that SVPs are similarly situated with respect to MDOs, or other civil committees, "their disparate treatment with respect to the length of their commitments and procedures for judicial review is necessary to further a compelling state interest." Milinich, 2009 WL 106557, at *16.[4] The court's determination was based in substantial part on the legislative findings and declarations accompanying Proposition 83, as recited in the Voter Information Guide.

In People v. McKee, 47 Cal. 4th 1172 (2010), the Supreme Court of California disagreed with the court of appeal's reliance in that case on the legislative findings recited in the ballot initiative and remanded the case "to the trial court to determine whether the People . . . can

---

[3] The sixth claim in the petition alleges violation of the Equal Protection Clause. Pet. at 6C.

[4] The California Court of Appeal analyzed Petitioner's claim under strict scrutiny, even though the Supreme Court has consistently evaluated civil commitment statutes under the rational basis test. See Heller v. Doe, 509 U.S. 312, 319-30 (1993). This Court need not resolve the issue because even under the more stringent standard, the amended SVPA withstands scrutiny.

11

demonstrate the constitutional justification for imposing on SVPs a greater burden than is imposed on MDOs and [people who have pled not guilty by reason of insanity (NGIs)] in order to obtain release from commitment." 47 Cal. 4th at 1208-09. The state court of appeal, after independently reviewing the additional evidence presented on remand in the superior court, concluded:

> [T]he People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended Act's disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released). The People have shown that, "notwithstanding the similarities between SVP's and MDO's [and NGI's], the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society." The People have shown "that the inherent nature of the SVP's greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children"; and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting the reasonable perception by the electorate that passed Proposition 83 that the disparate treatment of SVP's under the amended Act is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered.

People v. McKee, 207 Cal. App. 4th 1325, 1347 (2012) (citations omitted). The state supreme court denied review on October 10, 2012.

On February 28, 2013, petitioner filed a petition for a writ of habeas corpus raising a McKee equal protection claim in Santa Clara County Superior Court. The court denied the petition based on People v. McKee, 207 Cal. App. 4th 1325 (2012):

> In accordance with McKee, this Court finds that the disparate treatment between Sexually Violent Predators (SVP's), including Petitioner, and MDO's and NGI's is necessary to further compelling state interests and therefore overcomes Petitioner's equal protection challenge. (People v. McKee, supra, 207 Cal. App. 4th at pp. 1339-47.)

In re Milinich, No. 210727, slip op. at 2 (Cal. Super. Ct. Mar. 27, 2013) (dkt. #19-5 at 3). Petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of California, which the state high court summarily denied on July 13, 2013.

The state courts' rejection of Petitioner's equal protection claim, both before and after the McKee proceedings came to an end in state court, was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). It simply cannot be said that the state courts' determination that the disparate treatment between SVPS and MDOs and NGIs is necessary to further a compelling state interest is objectively unreasonable. See id.; Williams, 529

12

U.S. at 409. Petitioner is not entitled to federal habeas relief on his equal protection claim.

## CONCLUSION

For the aforementioned reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

Date: Nov.6, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\CRB\HC.09\Milinich, J1.09-2612.denial.final.wpd